UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIN PIERRE,

    Plaintiff,

v.

ABILITY RECOVERY SERVICES LLC,

    Defendant.

                                              /

Case No. 8:23-cv-02982

## COMPLAINT

**NOW COMES** ERIN PIERRE ("Plaintiff"), by and through the undersigned counsel, complains as to the conduct of ABILITY RECOVERY SERVICES LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55 *et seq.*, as the action arises under the laws of the United States in connection with Defendant's unlawful conduct.

1

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exits for Plaintiff's state law FCCPA claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Middle District of Florida, Defendant conduct business in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

**PARTIES**

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant, resided in Temple Terrace, Florida, within the Middle District of Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C § 153(39) as she is an individual.

7. Defendant is a third party debt collector purported to be "leaders" in the debt collection industry. Defendant collects or attempts to collect defaulted debts allegedly owed to others. Defendant is a limited liability company with its principal

place of business located in Pennsylvania and a Registered Agent Address locate at 1201 Hays Street, Tallahassee, Florida 32301-2525. [1]

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of the nature of Defendant's attempts to collect on an alleged medical debt ("alleged debt") from Plaintiff in connection with Tampa Bay Emergency Physicians ("TBEP") that Plaintiff did not incur.

10. Based on information and belief, prior to the actions giving rise to the claims herein, the subject alleged medical debt was charged-off and ultimately placed with Defendant for collection purposes.

11. Earlier in 2023, Plaintiff was making an effort to improve her creditworthiness and discovered that Defendant had reported a medical debt to TransUnion in the amount of $1,330.00 that originated with TBEP.

12. The alleged debt that was reported by Defendant caused Plaintiff's credit score to significantly decrease.

13. Plaintiff has no knowledge or information regarding the alleged medical debt and went so far as to check prior medical bills to see if there was a possible oversight.

---

[1] https://abilityrecoveryservices.com/about-ars/.com

14. On or about November 2023, Plaintiff submitted her credit disputes to the credit reporting agencies through the United States Postal Service and also submitted online disputes.

15. In October 2023, Plaintiff started to receive collection calls on her cellular telephone from Defendant attempting to collect the alleged debt, to which the Defendant was advised by Plaintiff that the subject debt was not her debt. The Plaintiff further advised that she does not owe the debt, asked for the calls to stop, and demanded that they send her documentation regarding the alleged debt.

16. On November 22, 2023, Plaintiff received a notification that the previously alleged medical debt that appeared on her TransUnion credit report was removed.

17. On December 10, 2023, Plaintiff was notified that the Defendant was now reporting a medical debt in the amount of $692.00 that originated with TBEP to all three credit reporting agencies (CRA), TransUnion, Equifax, and Experian and is being reported as an outstanding balance from October 2023.

18. Again, Defendant made attempts to collect the alleged debt that was not incurred by Plaintiff by calling her cellular telephone after Plaintiff requested that the Defendant stop calling her and to send her documentation.

19. On December 13, 2023, Defendant called Plaintiff and was advised that she did not feel comfortable sharing her information on the phone. Plaintiff again requested that the Defendant only correspond with her in writing.

20. Plaintiff submitted a dispute online with both Experian and TransUnion regarding the alleged medical debt in the amount of $692.00.

21. Defendant continued to make calls to Plaintiff from the following phone numbers (239)893-1639 and (239)893-1609.

22. Frustrated with and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed and abused by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, aggravation that accompanies unfair and abusive collection efforts, emotional distress, and numerous violations of her state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA. Defendant is a business whose principal purpose is the collection of defaulted debts owed to others, rendering them debt collectors under the FDCPA. Further, Defendant is a debt collector as they regularly collect or attempt to collect consumer obligations originally owed to others.

27. Defendant is directly liable for its conduct as a debt collector in relation to the alleged debt.

28. The alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

29. Defendant used the telephone calls and credit reporting to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant violated 15 U.S.C. §§1692d, d(5), e, e(2), e(8), e(10), f, and f(1) through its unlawful collection practices.

    a. **Violations of FDCPA § 1692d**

31. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. Defendant violated § 1692d through the harassing, oppressive, and abusive nature of their efforts to seek payment from Plaintiff in connection with a medical debt that she did not incur. It was abusive for Defendant to submit an alleged medical debt to TransUnion in the amount of $1,330.00 that originated with TBEP and then once the debt was removed, after being disputed due to the inaccurate reporting, the alleged medical debt owed was decrease to $692.00 that originated with TBEP. A debt collector knowingly subjecting an innocent consumer to dishonest collection

6

efforts is inherently conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

33. Defendant violated §§1692d and d(5) by placing collection calls to Plaintiff's cellular phone number in an attempt to collect the alleged debt after being notified to cease collection calls and that Defendant was contacting the wrong party as she did not owe the alleged debt.

34. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that they were contacting the wrong party with means to collect a debt not owed.

35.

    b. **Violations of FDCPA § 1692e**

36. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of an alleged debt. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the alleged debt is not owed by Plaintiff.

37. Defendant acted wrongfully when it continued to send text messages to collect on the subject account knowing the Plaintiff was not the individual responsible for any amount owed on alleged debt.

38. Defendant violated §§1692e, e(2), e(8) and e(10) by engaging in deceptive practices when it continued to send collection text messages to Plaintiff in an attempt

to collect a debt not legally owed. In order to secure payments of the alleged debt, Defendant willingly ignored the fact that Plaintiff was the incorrect party to whom the alleged debt owed, so Defendant could collect on funds not owed.

39. Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the alleged debt to Plaintiff. Defendant knew or should have known that reporting a debt not owed or incurred is false and inaccurate but continued to do so at Plaintiff's expense.

40. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agencies, that the alleged debt was false and inaccurate. Plaintiff communicated to Defendant that it was reporting an account not owed yet Defendant failed to notate the subject debts as disputed and remove the duplicate subject debts from her credit reports.

41. As pled above, Plaintiff did not owe the alleged debt. Defendant knew or should have known that repercussions for collection on a debt not owed.

    c. **Violations of FDCPA § 1692f**

42. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed by Plaintiff at the time

Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

44. Defendant violated §1692f(1) by attempting to collect the alleged debt from Plaintiff when she did not owe a balance towards the alleged debt. By operation of law, Defendant did not have a legal right to collect a debt not legally owed.

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

46. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

47. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff, ERIN PIERRE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

48. Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

49. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

50. The alleged debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(7)**

51. A debt collector violates § 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

52. Defendant violated section § 559.72(7) of the FCCPA when it placed repeated harassing phone calls to Plaintiff after Plaintiff informed Defendant that she does not owe the alleged debt. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

53. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular phone. However, given the imperative function cellular phones play

10

in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

54. This repeated behavior of systematically calling Plaintiff's phone, despite her demands, in an attempt to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

**b. Violations of FCCPA § 559.72(9)**

55. A debt collector violates § 559.72(9) when it claim(s), attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

56. Defendant violated § 559.72(9) of the FCCPA by attempting to enforce a debt that was never owed by Plaintiff. Defendant attempted to collect the alleged debt from Plaintiff personally despite Plaintiff not owing any balance on the subject account. Defendant knew Plaintiff did not have any legal obligation to pay the alleged debt, but despite having actual knowledge, Defendant continued to collect a debt not owed.

57. Defendant's actions show that it was their specific goal to harass and annoy Plaintiff enough to the induce her into making a payment even after being put on notice that Plaintiff did not owe the alleged debt.

58. As stated above, Plaintiff was harmed by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff, ERIN PIERRE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

b. Enjoin Defendant from further communicating with Plaintiff;

c. Award Plaintiff actual damages in the amount to be determined at final hearing;

d. Award Plaintiff statutory damages of $1,000.00 pursuant to FCCPA;

e. An award of reasonable attorney's fees and costs pursuant to FCCPA; and

f. Any further relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 28, 2023                    Respectfully Submitted,

By: /s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
ataylor@sulaimanlaw.com